"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0368 AG (CTx) | Date | June 1, 2009 |
|---|---|---|---|
| Title | JENNIFER L. SLOMA v. MERCEDES-BENZ USA, LLC; DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC; and DOES 1-100, inclusive | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

This class action is about keyless remote entry devices for Mercedes vehicles. Plaintiff Jennifer L. Sloma ("Plaintiff") alleges that these devices were defectively designed. Plaintiff sued defendants Mercedes-Benz USA, LLC, *et al.* ("Defendants") in state court. Defendants removed to federal court. Plaintiff filed this motion for remand (the "Motion"). After considering the parties' arguments, the Court DENIES the Motion.

## ANALYSIS

Under the Class Action Fairness Act, a district court may have jurisdiction over state law claims when the lawsuit is a class action, the amount in controversy exceeds $5,000,000, and a class member is a citizen of a different state from a defendant. 28 U.S.C. § 1332(d). Here, Plaintiff argues these requirements are not satisfied for two reasons. First, Plaintiff argues that the amount in controversy requirement is not satisfied. Second, Plaintiff argues that the inclusion of Fletcher Jones Motorcars, Inc. ("Fletcher Jones") as a Defendant destroys the diversity requirement. Plaintiff is incorrect on both counts.

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0368 AG (CTx) | Date | June 1, 2009 |
|---|---|---|---|
| Title | JENNIFER L. SLOMA v. MERCEDES-BENZ USA, LLC; DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC; and DOES 1-100, inclusive | | |

**1.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

Defendants assert that the purported class consists of everyone who bought or leased a Mercedes from Fletcher Jones during the class period. (Defendants' Opposition to Plaintiff's Motion for Remand ("Opp'n") 5:4-10.) Defendants say the purported class consists of about 25,543 people, and the cost of replacing each keyless entry remote is about $230. (*Id.* 5:8-9; Declaration of Yvette Y. Chang, Amended Notice of Removal Ex. A ¶ 6.) Thus, the amount in controversy exceeds $5,000,000, not counting attorney's fees or punitive damages, which is well over the amount in controversy requirement. (Opp'n 6:12-15.)

Plaintiff disagrees. Plaintiff notes that she brings one of her claims under the California Consumer Legal Remedies Act ("CLRA"). (Plaintiff's Motion to Remand ("Mot.") 5:11-12.) Plaintiff argues that the CLRA only provides relief for those who suffer damages as a result of an unlawful act. (*Id.*) Thus, Plaintiff says the class consists of only the fraction of people who bought or leased a Mercedes from Fletcher Jones during the class period, *and* noticed a malfunction or defect in the keyless remote entry device. (*Id.* 5:13-22.) Plaintiff says this number likely is less than 5,000. (*Id.* 6:5-9.) Plaintiff argues that the burden is on a removing defendant to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. Plaintiff says Defendants have not proven that a high enough fraction of people noticed a malfunction or defect. Thus, Plaintiff argues that Defendants have not carried their burden.

The Court must determine whether the purported class consists of everyone who bought or leased a Mercedes from Fletcher Jones during the class period, or only those who bought or leased a Mercedes and noticed a malfunction or defect in the keyless remote entry device. The Court finds that the purported class consists of everyone who bought or leased a Mercedes from Fletcher Jones during the class period, whether or not the person noticed a malfunction or defect. The First Amended Complaint ("FAC") defines the

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0368 AG (CTx) | Date | June 1, 2009 |
|---|---|---|---|
| Title | JENNIFER L. SLOMA v. MERCEDES-BENZ USA, LLC; DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC; and DOES 1-100, inclusive | | |

purported class as "[a]ll persons who, or at any time within the four years preceding the filing of this Class Action Complaint, purchased or leased a Mercedes-Benz automobile from Defendant Fletcher Jones Motorcars. For purposes of this Class Action Complaint, the phrase 'Class Members' shall refer collectively to all members of the above class . . . ." (FAC ¶ 32.) In defining the purported class, Plaintiff does not use the limiting language she advances in the Motion.

Also, Plaintiff's arguments about the CLRA are unavailing. Plaintiff seems to be saying that in spite of her broad allegations, the statute that governs one of her claims will include only people who experienced defects, so the Court should interpret the purported class as also including only people who experienced defects. The Court declines to do so.

The purported class consists of about 25,543 people, and the cost of replacing each keyless entry remote is about $230. The amount in controversy exceeds $5,000,000, not counting attorney's fees or punitive damages. The amount in controversy requirement is satisfied.

## 2. THE DIVERSITY REQUIREMENT IS SATISFIED

In the FAC, Plaintiff alleges that she is a resident of California, Fletcher Jones is incorporated in California with its principal place of business in California, and Mercedes-Bens USA and DaimlerChrysler Financial Services Americas are incorporated in Delaware with principal places of business in New Jersey.

Plaintiff argues that because Plaintiff is a resident of California and Fletcher Jones is a California corporation, Fletcher Jones destroys diversity. This would be true if Plaintiff brought this case solely as an individual. In that scenario, the complete diversity standard would apply. But Plaintiff brought this case as a class action. Thus, the more relaxed minimum diversity standard applies. Under this standard, diversity exists as long as "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28

"O"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0368 AG (CTx) | Date | June 1, 2009 |
|---|---|---|---|
| Title | JENNIFER L. SLOMA v. MERCEDES-BENZ USA, LLC; DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC; and DOES 1-100, inclusive | | |

U.S.C. § 1332(d)(2). Here, Plaintiff is a citizen of a state different from Defendants Mercedes-Bens USA and DaimlerChrysler Financial Services Americas. The minimum diversity requirement is satisfied.

**3.     CONCLUSION**

Both the amount in controversy requirement and the diversity requirement are satisfied. The Court has diversity jurisdiction over this case.

**DISPOSITION**

The Court DENIES the Motion.

                                                                                            :    0

Initials of Preparer     lmb